UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL PIZANA, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>SANMEDICA INTERNATIONAL LLC,<br><br>Defendant. | No. 1:18-cv-00644-DAD-SKO<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S *EX PARTE* APPLICATION AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S *EX PARTE* APPLICATION<br><br>(Doc. Nos. 121, 122) |

The matters before the court are defendant SanMedica International, LLC's *ex parte* application (Doc. No. 121) and plaintiff Raul Pizana's *ex parte* application (Doc. No. 122). For the reasons set forth below, defendant's *ex parte* application (Doc. No. 121) is granted in part and denied in part and plaintiff's *ex parte* application (Doc. No. 122) is granted.

On December 28, 2020, defendant filed an *ex parte* application for an order (1) that the hearing on plaintiff's motion to amend his complaint (Doc. No. 118) be rescheduled from January 19, 2021 to February 16, 2021 or later; and/or that (2) defendant's deadline to file its response to plaintiff's motion amend his complaint be extended until January 26, 2021 because plaintiff filed his motion to amend (Doc. No. 118) eleven minutes after the midnight filing deadline for the January 19, 2021 hearing date and because of difficulty caused by defense counsel's limited

1

staffing and availability over the holidays as well as defendant's closure between Christmas and New Year's Day.  (Doc. No. 121 at 6, 10.)  On December 30, 2020, plaintiff filed both an opposition to defendant's *ex parte* application and his own *ex parte* application requesting an order that (1) the January 22, 2021 deadline to file plaintiff's motion for class certification be vacated and (2) the parties be given two weeks to stipulate to a new scheduling order.  (Doc. Nos. 74, 122.)  Plaintiff opposes defendant's requested *ex parte* relief because of the alleged prejudicial effect a schedule change would have on plaintiff's upcoming motion for class certification and because he disputes defendant's description of the meet and confer process.  (Doc. No. 122.)

As the parties are aware, the ongoing Judicial Emergency in the Eastern District of California faced by this court has caused regular hearings for civil law and motion to no longer be possible except in situations where the court deems one to be absolutely necessary.  (Doc. No. 70 at 3.)  Accordingly, all motions filed before the undersigned are deemed submitted upon the record and briefs pursuant to Local Rule 230(g) and the hearing date functions only to govern the opposition and reply filing deadlines.  (*Id*.)  Written decisions issue as soon as is practicable in light of the Court's extraordinarily heavy caseload.  (*See* Doc. No. 68.)  Civil motions set before district judges in this district are likely to experience significant delays due to the extreme shortage of judicial resources.  (*Id*.)

The undersigned has reviewed the parties' dueling narratives regarding the meet and confer process, and the parties are admonished to better exhaust the meet and confer efforts in the future prior to the filing of *ex parte* applications for relief.

Based upon that review, the court finds that although defendant has not been prejudiced by plaintiff's eleven-minutes-late filing of a motion that defendant was aware was forthcoming (Doc. Nos. 122-4, 122-5), defendant will nonetheless be granted an additional 10 days to file a response to the plaintiff's motion to amend in light of the difficulties caused by limited availability over the holidays.  The court also finds that because plaintiff would be prejudiced by being required to file a motion for class certification in advance of any ruling on plaintiff's motion to amend, the schedule for the class certification motion in this case must be modified in

any event. The case is referred back to the assigned magistrate judge for a further scheduling conference to set a revised schedule with respect to plaintiff's motion for class certification.

Accordingly,

1. Defendant SanMedica International, LLC's *ex parte* application (Doc. No. 121) is granted in part and denied in part;

2. Plaintiff Pizana's *ex parte* application (Doc. No. 122) is granted in part and denied in part;

3. The hearing on plaintiff's motion to amend his complaint (Doc. No. 118), currently set for January 19, 2021, is vacated pursuant to Local Rule 230(g) and in light of the ongoing Judicial Emergency;

4. The deadline for defendant's opposition to plaintiff's motion to amend his complaint (Doc. No. 118) is extended from January 5, 2021 until January 15, 2021;

5. The deadline for plaintiff's reply to plaintiff's motion to amend his complaint (Doc. No. 118) is extended from January 12, 2021 until January 22, 2021; and

6. The case is referred back to the assigned magistrate judge for a further scheduling conference to set a revised schedule with respect to plaintiff's motion for class certification.

IT IS SO ORDERED.

Dated: **December 30, 2020**

UNITED STATES DISTRICT JUDGE