# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL PIZANA,<br><br>        Plaintiff,<br><br>    v.<br><br>SANMEDICA INTERNATIONAL, LLC,<br><br>        Defendant. | Case No. 1:18-cv-00644-DAD-SKO<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED REQUEST TO SEAL DOCUMENTS**<br><br>(Doc. 119) |

      On December 23, 2020, Plaintiff Raul Pizana submitted a request to seal exhibits A, B, and C to his "Motion to Modify Scheduling Order and for Leave to File Third Amended Complaint" (the "Request to Seal"). (Doc. 119.) Plaintiff's Request to Seal states that these documents contain information "designated . . . as 'Confidential' pursuant to the terms of the Protective Order." (Doc. 119 at 2.) The parties' Protective Order provides that, "[i]n the event that a party wishes to use any Confidential Information, or any document containing or making reference to the contents of such information, in any pleading or document filed with the Court, such pleading shall be filed under seal pursuant to the Local Civil Rules, . . . unless the party receives advanced written permission from the Designating Party to file without filing under seal."[1]  (Doc. 76 at 9.)

      Pursuant to Local Rule 141(b), a request to seal a document "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information."  L.R. 141(b).  "Only if good cause exists may the Court seal the information from public view after balancing 'the needs for discovery against the need for confidentiality.'"  *Koloff v. Metro. Life Ins. Co.*, No.

---

[1] "Confidential Information" is defined as "any information in any of the Discovery Material that is designated as 'CONFIDENTIAL' or 'CONFIDENTIAL: ATTORNEYS' EYES ONLY' by one or more of the parties to this action or a third party responding to a subpoena served in this action."  (Doc. 76 at 2.)

1

113CV02060AWIJLT, 2014 WL 12573330, at *1 (E.D. Cal. July 9, 2014) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. Cal. 2010)).  A party may submit an opposition to a request to seal documents within three days of the date of service of the request.  L.R. 141(c).

Defendant SanMedica International, LLC has not submitted an opposition to Plaintiff's Request to Seal, and the time to do so has expired.  Plaintiff's Request to Seal is therefore deemed unopposed.  Plaintiff has complied with Local Rule 141, and in view of the documents' designation under the parties' Protective Order, to which there has been no challenge (*see* Doc. 76 at 7–8), the Court finds there is good cause to allow Plaintiff to file them under seal.

Accordingly, the Court GRANTS Plaintiff's unopposed Request to Seal (Doc. 119) and ORDERS that exhibits A, B, and C to Plaintiff's "Motion to Modify Scheduling Order and for Leave to File Third Amended Complaint" be FILED UNDER SEAL in accordance with Local Rule 141(e)(2).

IT IS SO ORDERED.

Dated:   **January 4, 2021**                        /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE