UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL PIZANA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SANMEDICA INTERNATIONAL, LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 1:18-cv-00644-DAD-SKO<br><br>ORDER ON DEFENDANT'S MOTION TO PARTIALLY QUASH OR MODIFY SUBPOENA TO THE FEDERAL TRADE COMMISSION<br><br>(Doc. 113) |

This matter is before the Court on Defendant SanMedica International, LLC ("Defendant")'s "Motion to Partially Quash or Modify Subpoena to the Federal Trade Commission" (the "Motion to Quash"). (Doc. 113.) Defendant and Plaintiff Raul Pizana ("Plaintiff") filed their joint statement directed to the Motion to Quash (the "Joint Statement"), as required by this Court's Local Rule 251, on December 30, 2020. (Doc. 126.) The Court reviewed the parties' papers and all supporting material and found the matter suitable for decision without oral argument. The hearing set for January 6, 2021, was therefore vacated. (Doc. 129.)

Having considered the Joint Statement and its exhibits, and for the reasons set forth below, Defendant's Motion to Quash will be construed as a motion for a protective order pursuant to Federal Rules of Civil Procedure 26(c) and granted in part and denied in part.

## I.   BACKGROUND

Plaintiff filed this putative class action on May 9, 2018, challenging the advertising and efficacy of SeroVital-hgh (the "Product"), a purported Human Growth Hormone ("HGH") supplement produced by Defendant that was purchased by Plaintiff in early 2017. (Doc. 53, Second Am. Compl. ("SAC") at ¶¶ 1, 6, 9.) The Second Amended Complaint, filed on November 13, 2019, asserts three causes of action: (1) a violation of California Civil Code § 1750, *et. seq.*,

1

the Consumer Legal Remedies Act ("CLRA"); (2) a violation of California Business & Professions Code § 17500, *et. seq.*, the False Advertising Law ("FAL"); and (3) a violation of California Business & Professions Code § 17200, *et. seq.*, the Unfair Competition Law ("UCL"). (SAC at ¶¶ 60–121.).

The crux of Plaintiff's suit is that Defendant's Product, despite being marketed as an HGH supplement that can "make users look and feel decades—not years, but *DECADES*—younger," is "no more effective for its advertised purposes than a placebo[] and is therefore worthless to California consumers[.]" (SAC at ¶¶ 1–5.) Specifically, Plaintiff alleges:

> (1) [T]he Product cannot increase HGH levels whatsoever, let alone by 682%; (2) the Product does not reduce wrinkles, "decrease[] body fat," "increase[] lean muscle mass," strengthen bones, "improve[] mood," "heighten[] sex drive," or make "users look and feel decades … younger" because the oral administration of amino acids like SeroVital does not increase growth hormone bioactivity; (3) there is no causal link between increased HGH levels and most of the claimed uses, including wrinkle reduction, increased lean muscle mass, stronger bones, improved mood, [or] heightened sex drive; and (4) if SeroVital were to increase HGH levels as claimed, it would cause significant health risks.

(*Id*. at ¶ 2.)

Plaintiff seeks to assert claims on behalf of a proposed class defined as:

> All persons residing in California who purchased the Product for personal use and not for resale during the time period May 9, 2014, through the present. Excluded from the Class are Defendant's officers, directors, and employees, and any individual who received remuneration from Defendant in connection with that individual's use or endorsement of the Product.

(SAC ¶ 50.) On March 6, 2020, the Court entered a scheduling order that bifurcated merits from class certification discovery and set a deadline of December 18, 2020, for class discovery only.[1] (*See* Doc. 74.)

On December 2, 2020, Plaintiff served a subpoena (the "Subpoena") on the Federal Trade Commission ("FTC"), requesting ten categories of documents pertaining to Defendant and ten other non-party companies, collectively referred to as the "Basic Research Enterprise," and the Product and two other products (Growth Factor-9 ("GF-9") and Thrive-hgh) not identified in the

---

[1] The parties agreed in their joint scheduling report that discovery in this case should be bifurcated. (*See* Doc. 71 at 5.)

2

SAC.[2] [3] (*See* Doc. 126-1 at 7–8, 13–14.)  On December 11, 2020, Defendant filed the instant motion.  (Doc. 113.)

## II.     LEGAL STANDARDS

**A.     Discovery Generally**

Federal Rule of Civil Procedure 26(b)(1) provides that parties

> [m]ay obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Motions for protective orders are governed by Rule 26(c), which states in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.]  The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c).  District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted.  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp*., 307 F.3d 1206, 1211–12 (9th Cir. 2002).  The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted.  *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (citing *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1130 (9th Cir. 2003)).

---

[2] On December 23, 2020, Plaintiff filed a motion for leave to file a third amended complaint (Doc. 118), which is pending. The motion seeks to amend the operative complaint to add: as defendants the ten other companies that are part of the Basic Research Enterprise; as plaintiffs other persons who have purchased the Product, GF-9, Thrive-hgh, or SeroDyne in California within the past three years; and claims alleging a violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(a), (c)–(d), and mail and wire fraud, 18 U.S.C. §§ 1341, 1343. (*See* Doc. 118.)

[3] In June 2004, the FTC commenced an administrative action against some of the constituent companies of the Basic Research Enterprise for false advertising, and the action resolved about two years later via a consent agreement, which is still in effect. (*See* Doc. 126 at 10–11; Doc. 117-4.)

Under Federal Rule of Civil Procedure 45(a)(1)(C), a party may subpoena a nonparty to produce documents, electronically stored information, and tangible things. The Ninth Circuit has "yet to address the question of whether a party has standing to bring a motion to quash since usually only the subpoenaed non-party may move to quash. The general rule, however, is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)); *see Krenitsky v. Kirsch*, No. 218CV0690WBSDBP, 2020 WL 5017270, at *1 (E.D. Cal. Aug. 25, 2020) (collecting cases). "Under this general rule, [a party] lacks standing to object to the subpoena on grounds of relevance or undue burden." *Krenitsky*, 2020 WL 5017270, at *1 (citing *Wells Fargo & Co. v. ABD Ins.*, No. C 12-03856 PJH DMR, 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012)). "A party cannot seek to quash a Rule 45 subpoena except to the extent that it has a personal right or privilege in the information sought to be disclosed." *Id.* (citation and internal quotation marks omitted).

**B.      Discovery in the Class Action Context**

"Generally at the pre-class certification stage, discovery in a putative class action is limited to certification issues such as the number of class members, the existence of common questions, typicality of claims, and the representative's ability to represent the class." *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 359 (1978)). "Precertification discovery lies entirely within the court's discretion." *Doherty v. Comenity Capital Bank & Comenity Bank*, No. 16CV1321-H-BGS, 2017 WL 1885677, at *3 (S.D. Cal. May 9, 2017) (citing Fed. R. Civ. P. 23). *See also Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citing *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)) ("District courts have broad discretion to control the class certification process."). A court does not abuse its discretion in refusing to authorize precertification discovery when the plaintiff fails to advance a *prima facie* showing that the class requirements [*i.e.*, numerosity, commonality, typicality and adequacy of representation] of Rule 23 are satisfied or that "discovery is likely to produce substantiation of class allegations." *Mantolete v. Bolger*, 767

F.2d 1416, 1424 (9th Cir. 1985).

### III.   DISCUSSION

Defendant objects to the scope of the Subpoena on the grounds of relevance and trade secret confidentiality. (Doc. 126 at 7–9.) The Court addresses each argument below.

**A.   Relevance**

As an initial matter, and although not raised by Plaintiff, the Court finds that Defendant lacks standing to contest the Subpoena—issued to non-party FTC—under Rule 45 on the basis that the information sought is irrelevant. *See Krenitsky*, 2020 WL 5017270, at *1; *Clair v. Schlachter*, No. 213CV804KJMEFBPTEMP, 2016 WL 2984107, at *5 (E.D. Cal. May 23, 2016) ("A party's objection that a subpoena issued to a non-party seeks irrelevant information . . . is not grounds on which the objecting party has standing to assert, especially where the non-party, itself, has not objected."). But in the interest of judicial economy, the Court will construe Defendant's Motion to Quash as a motion for a protective order under Rule 26(c). *See Krenitsky*, 2020 WL 5017270, at *1 n.1 ("In contrast to a motion to quash, a party has standing to seek a protective order to limit discovery from a third party."); *In re REMEC, Inc. Sec. Litig.*, No. CIV 04CV1948 JLS AJB, 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008) (explaining that a party can move for a protective order under Rule 26 "regarding subpoenas issued to non-parties which seek irrelevant information").

Turning to the substance of the Subpoena, Topic Nos. 1 & 3–8 request documents and correspondence relating to the Basic Research Enterprise, which is defined by the Subpoena to include Defendant and ten non-party companies. (*See* Doc. 126-2 at 1–2, 7–8.) Topic No. 2 requests documents regarding several of the Basic Research Enterprise's dietary supplements, including the Product. (*See id.* at 2, 7.) Defendant contends that Plaintiff has not shown how information relating to non-party companies and products not at issue in this case is relevant to class certification. (Doc. 126 at 5, 7–9.) Plaintiff asserts that the information is relevant to the "class-wide proof" necessary to establish commonality under Rule 23 because it evidences Defendant's "knowledge, notice, and business practices," in particular Defendant's "pattern and practice of selling dietary supplements using false and misleading advertisements," given that "the

5

1  Basic Research Enterprise has the same infrastructure, records, owners, and employees as
2  [Defendant]." (*See id.* at 14, 15.)

3  As explained in the Court's October 15, 2020 order on Plaintiff's prior motion to compel
4  discovery responses, (Doc. 97 at 10), issues relating to Defendant's knowledge and intent are more
5  properly characterized as merit-based inquiries, which the Court has bifurcated from class
6  certification issues. *See Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 465–66
7  (2013) (noting that while the court's "class-certification analysis must be rigorous and may entail
8  some overlap with the merits of the plaintiff's underlying claim, Rule 23 grants courts no license
9  to engage in free-ranging merits inquiries at the certification stage."). The pertinent question at
10 this time is not whether the requested information is relevant to substantiate Plaintiff's claims, but
11 instead whether the information is relevant to substantiate Plaintiff's class certification allegations.
12 *See Gusman*, 298 F.R.D. at 595.

13 Based on the operative complaint, the proposed class in this case is defined as "[a]ll persons
14 residing in California who purchased *the Product* for personal use and not for resale during the
15 time period May 9, 2014, through the present," and the only named defendant is SanMedica
16 International, LLC. (SAC ¶¶ 9, 50, emphasis added.) Plaintiff has not shown how information
17 regarding non-party companies and products not identified in the definition of the proposed class
18 is likely to substantiate his class allegations. Therefore, the Court finds that Plaintiff is not entitled
19 to that discovery at this stage of the case. Plaintiff's request for this information may be renewed
20 after the class certification issues are settled.[4] Accordingly, Defendant's request to limit Topic
21 Nos. 1 & 3–8 to Defendant SanMedica International, LLC and Topic No. 2 to the SeroVital-hgh
22 Product will be granted.

23 ///

---

[4] Plaintiff also points to Defendant's reliance on the FTC consent order in Defendant's motion for summary adjudication regarding the applicable substantiation standard in this case (Doc. 117) and contends that Defendant cannot rely on the consent order while "prevent[ing] Plaintiff from conducting discovery" regarding the FTC enforcement action and similar actions. (*See* Doc. 126 at 18–19.) This argument is unavailing. As discussed above, the question here is whether the requested information is relevant to substantiate Plaintiff's class certification allegations, and Plaintiff has not made that showing. The Court is not making any finding on whether the information is relevant to substantiate Plaintiff's claims, and Plaintiff may renew his request for the information during any period for discovery on the merits.

**B.     Trade Secrets**

Topic Nos. 4 & 5 seek both redacted and unredacted versions of documents filed and documents served in any FTC enforcement action against any company within the Basic Research Enterprise. (*See* Doc. 126-1 at 13.) Defendant contends Topic Nos. 4 & 5 should be modified to require the production of only redacted versions, as the redactions "would have almost certainly constituted" a protected trade secret or other confidential information. (*See* Doc. 126 at 8.) Plaintiff counters that the Protective Order (Doc. 76) adequately safeguards Defendant's confidentiality interests. (*See* Doc. 126 at 20.)

"[T]he party who moves to quash a subpoena has the 'burden of persuasion' under Rule 45(c)(3)." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). "[T]here is no absolute privilege for trade secrets and similar confidential information." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) (citation omitted). "Trade secret or commercially sensitive information must be 'important proprietary information' and the party challenging a subpoena must make 'a strong showing that it has historically sought to maintain the confidentiality of this information.' " *Id.* at 684 (citation omitted).

Here, Defendant has not shown that any redacted information in documents responsive to Topic Nos. 4 & 5 constitutes protected trade secrets or other confidential information. Defendant's cursory and speculative statements that the Subpoena "calls for information . . . that is likely to be trade secret or other confidential research, development or commercial information" and that "[a]nything that was redacted in the sought for filings, would have almost certainly constituted a protected trade secret or other confidential . . . information" (*see* Doc. 126 at 8) is wholly insufficient to satisfy the requisite standard.

Moreover, Defendant fails to address why the Protective Order in this case is insufficient to protect its confidentiality interests. *See Table de France, Inc. v. DBC Corp.*, No. EDCV19423JGBKKX, 2019 WL 6888043, at *4 (C.D. Cal. Aug. 1, 2019) ("to the extent [the defendant] argues the Subpoenas seek confidential business information, the Protective Order already issued in the instant matter sufficiently protects [the defendant's] confidential information."). The Protective Order provides that "Confidential Information shall not be used or

disclosed for any purpose other than the prosecution, defense, appeal or settlement of this action," and "[a]ny party to this action or third party that produces Discovery Materials in this action may designate such material as 'CONFIDENTIAL' which it believes, in good faith, contains information . . . that contain[s] trade secrets or other confidential and non-public research, development or commercial information[.]" (Doc. 76 at 3.) By its own terms, the Protective Order "govern[s] potential discovery from third parties who would not otherwise be subject to a private agreement," and the FTC was served with a copy of the Protective Order along with the Subpoena. (Doc. 76 at 2; Doc. 126-2.) Therefore, Defendant's request to limit Topic Nos. 4 & 5 to only the redacted versions of responsive documents will be denied.

## IV.  CONCLUSION AND ORDER

Accordingly, Defendant's Motion to Quash (Doc. 113) is hereby GRANTED IN PART and DENIED IN PART as follows:

1. Construed as a motion for a protective order under Rule 26(c), Defendant's request to limit Topic Nos. 1 & 3–8 to information and documents pertaining to only Defendant SanMedica International, LLC and Topic No. 2 to documents regarding only the SeroVital Product is GRANTED; and

2. Defendant's motion to limit Topic Nos. 4 & 5 to require the production of only redacted versions of any responsive documents is DENIED.

IT IS SO ORDERED.

Dated:   **January 29, 2021**            /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE