1

2

3                   UNITED STATES DISTRICT COURT

4              FOR THE EASTERN DISTRICT OF CALIFORNIA

5

6    RAUL PIZANA, MAUREEN HOBBS,              No.  1:18-cv-00644-DAD-SKO
     CHARLES BERGLUND, JEANETTE
7    MILLS, ERICA LAROCHE, ANN               ORDER DENYING MOTIONS TO QUASH
     MARIE LYNCH,OSKAR LAFFONT,              AND VACATING HEARING
8    SAL MUNOZ, and KEITH BARNES,
     individually and on behalf of all others (Docs. 173 & 174)
9    similarly situated,

10                  Plaintiffs,

11          v.

12   BASIC RESEARCH, LLC, et al.,

13                  Defendants.

14

15          This matter is before the Court on Defendant SanMedica International, LLC

16   ("Defendant")'s "Motion to Quash Subpoena to Small Business Administration Holdings, Inc."

17   (Doc. 173) and "Motion to Quash Subpoena to Zions Bancorporation, N.A. (d/b/a Zions Bank)"

18   (Doc. 174) (the "Motions to Quash").  Defendant and Plaintiff Raul Pizana ("Plaintiff") filed

19   their joint statement directed to the Motions to Quash (the "Joint Statement"), as required by this

20   Court's Local Rule 251, on May 18, 2022.  (Doc. 176.)

21          Having considered the Joint Statement and its exhibits, and for the reasons set forth

22   below, the Motions to Quash will be denied for lack of jurisdiction and the hearing on the

23   Motions vacated.

24                          I.       BACKGROUND

25          Plaintiff filed this putative class action on May 9, 2018, challenging the advertising and

26   efficacy of a purported human growth hormone supplement produced by Defendant that was

27   purchased by Plaintiff in early 2017.  (Doc. 1 at ¶¶ 1–3.)  The Third Amended Complaint, filed

28   on May 18, 2022, alleges that Defendant is part of a web of affiliated entities and individuals

                                          1

operating a single enterprise with a unified aim to manufacture, market, and sell the same product under different brand names based on the same purportedly faulty science and false representations.  (Doc. 174, Third Am. Compl. ("TAC") at ¶¶ 1–15.)  It asserts four causes of action for violations of the: (1) Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1962(a), (c), (d)); (2) California Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750, *et seq.*); (3) California False Advertising Law ("FAL") (Cal. Bus. Prof. Code. § 17500, *et seq.*); and (4)  California Unfair Competition Law ("UCL") (Cal. Bus. Prof. Code § 17200, *et seq.*).  (TAC at ¶¶ 173–286.)

On May 5, 2022, Plaintiff served subpoenas on Small Business Administration ("SBA") and Zions Bancorporation, N.A. ("Zions") (collectively, the "Subpoenas") requesting "loan agreements, loan applications with supporting documents, and communications regarding this action."  (*See* Doc. 176 at 9–10, 20–21; Doc. 176-4; Doc. 176-5.)  The Subpoenas require production at Plaintiff's counsel's office in Malibu, California.  (Doc. 176-4 at 6; Doc. 176-5 at 6.)

On May 9, 2022, Defendant filed the Motions to Quash.  (Docs. 173 & 174.)  In the parties' Joint Statement, Defendant contends that the Subpoenas must be quashed because they "fail to allow a reasonable time to comply" and "fail to provide a place of compliance within [Federal Rule of Civil Procedure] 45's geographical limits."  (Doc. 176 at 10–12.)  Defendant also asserts that the Subpoenas should be quashed because they seek irrelevant information, violate the Court's order bifurcating discovery, and "call for trade secret and confidential information."  (*Id*. at 12–18.)  Plaintiff contend in response in the Joint Statement that Defendant lacks standing to assert grounds, other than privilege, on a motion to quash; that the information sought by the Subpoenas is relevant to its alter ego allegations in the TAC; and that the protective order will adequately protect Defendant's alleged trade secrets.  (*Id*. at 18–30.)  Neither party addresses whether this Court has jurisdiction over the Motions to Quash under Rule 45 in their Joint Statement.

## II.   DISCUSSION

This Court is not the proper court in which to move to quash the Subpoenas under

1   Federal Rule of Civil Procedure 45.  Rule 45 consistently, through numerous sections of the

2   Rule, requires any motions or applications related to a subpoena be brought in the district where

3   compliance is required.[1]  As pertinent here, the sections of Rule 45 on which Defendant relies in

4   moving to quash the Subpoenas contain the same language.  *See* Fed. R. Civ. 45(d)(3)(A)(i)–(ii)

5   ("On timely motion, ***the court for the district where compliance is required*** must quash or

6   modify a subpoena that . . . (i) fails to allow a reasonable time to comply; [or] (ii) requires a

7   person to comply beyond the geographical limits specified in Rule 45(c).") (emphasis added);

8   Fed. R. Civ. P. 45(d)(3)(B)(i) ("To protect a person subject to or affected by a subpoena, ***the***

9   ***court for the district where compliance is required*** may, on motion, quash or modify the

10   subpoena if it requires . . . (i) disclosing a trade secret or other confidential research,

11   development, or commercial information.") (emphasis added).

12        While it does not appear that this Court has addressed the issue, a majority of federal

13   courts agree that the "district where compliance is required" is the place of compliance named in

14   the subpoena.  *See, e.g., ABC Corp. v. XMission LC*, No. MC-21-00007-PHX-DWL, 2021 WL

15   1751294, at \*2 (D. Ariz. May 4, 2021) (holding that "the majority view—and, in the Court's

16   estimation, the view most consistent with the plain meaning of the text of Rule 45" is that the

17   phrase "the district where compliance is required" refers to "the place of compliance specified in

18   the subpoena itself.") (citing 1 Gensler, FEDERAL RULES OF CIVIL PROCEDURE, RULES AND

19   COMMENTARY, Rule 45, at 1331–32 (2021)); *Uniloc USA, Inc. v. Apple Inc.*, No. 19-CV-01692-

20   EJD (VKD), 2020 WL 6262349, at \*2 (N.D. Cal. Oct. 23, 2020) (holding that "place where

21   compliance is required" was district named on the face of the subpoena, "even if that place of

22   compliance is not proper under Rule 45(c)").); *Adams v. Symetra Life Ins. Co.*, No. 19-MC-401,

23   2020 WL 489523, \*2 (D. Kan. Jan. 28, 2020) ("[M]ost courts have concluded that the district

24   where compliance is required is determined by the location or place of compliance identified on

25   the subpoena.") (collecting cases).

26   _____

[1] Rule 45(d)(1) (As to avoiding undue burden or expense on the party subject to the subpoena, "***[t]he court for the***
***district where compliance is required*** must enforce this duty"); (d)(2)(B)(i) (As to an order compelling production
27   "the serving party may move ***the court for the district where compliance is required***"); (e)(2)(B) (As to information
produced that is subject to claims of privilege or protection as trial preparation material, "present the information
28   under seal to ***the court for the district where compliance is required***") (emphasis added).

Here, the place of compliance specified in the Subpoenas is Malibu, California.[2]  (*See* Doc. 176-4 at 6; Doc. 176-5 at 6.)  This means that that the Central—not Eastern—District of California is properly considered "the district where compliance is required," and is the court that is empowered to address any motion to quash under Rule 45(d)(3).[3]

"[W]hen a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion."  *ABC Corp.*, 2021 WL 1751294, at *2.  *See GBT Techs., Inc. v. Jackson,* No. 2:20-CV-02078-APG-VCF, 2021 WL 2418555, at *2 (D. Nev. June 14, 2021); *Short v. United States*, Case No. 1:18-cv-0074-DCN, 2019 WL 5457994, at * 2 (D. Idaho Oct. 23, 2019) ("[M]otions arising out of those subpoenas are decided by the court where compliance is required . . . [t]herefore, this Court lacks jurisdiction to consider" the motion); *Strike 3 Holdings, LLC v. Doe*, No. 18-cv-02019-YGR (EDL), 2018 WL 10604533, at *2 (N.D. Cal. Sept. 14, 2018); *Chambers v. Whirlpool Corp.*, Case No. SA CV 11-1733 FMO (JCGx), 2016 WL 9451360, *3 (C.D. Cal. Aug. 12, 2016) (collecting cases).  Since this Court lacks jurisdiction to rule on the Motions to Quash, it must deny the Motions.[4]

### III.      ORDER

Based on the foregoing, IT IS ORDERED that:

1.      Defendant SanMedica International, LLC's "Motion to Quash Subpoena to Small Business Administration Holdings, Inc." (Doc. 173) is DENIED;

---

[2] The Court also observes that the Subpoenas were issued by the **Northern** District of California.  (*See* Doc. 176-4 at 6; Doc. 176-5 at 6.)  This is despite the fact that Rule 45 requires that the Subpoenas issue from "**the court where the action is pending**," *i.e.*, this Court.  *See* Fed. R. Civ. P. 45(a)(2) ("A subpoena must issue from the court where the action is pending.").

[3] Even if the Court were to follow the "minority view," *i.e.*, that the place of compliance is the place where the target company is headquartered, *see, e.g., Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 630 (C.D. Cal. 2018), it would still lack jurisdiction to adjudicate the Motions to Quash.  Defendant contends—and Plaintiff does not contest—that SBA and Zions are headquartered in Delaware and Utah, respectively.  (*See* Doc. 176 at 10.)  As such, "the district(s) where compliance is required" do not include this Court.

[4] The Court notes that Rule 45(f) imbues the discretion to transfer subpoena-related motions with **the district court where compliance is required**.  *See* Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court" (emphasis added)).  However, as the Motions to Quash are pending in the wrong court, Rule 45(f) does not provide a means for transferring this motion.  *See, e.g., Strike 3 Holdings*, 2018 WL 10604533, at *2 ("The court where compliance is required can transfer a Rule 45 motion with the responding party's consent or if the court finds exceptional circumstances, but the parties have completely skipped that step and have failed to address this issue altogether.  Thus, this Court does not have jurisdiction to entertain this challenge to the subpoena under Rule 45.").

2.       Defendant SanMedica International, LLC's "Motion to Quash Subpoena to Zions Bancorporation, N.A. (d/b/a Zions Bank)" (Doc. 174) is DENIED; and

3.       The hearing on the motions set for June 1, 2022, is VACATED.

IT IS SO ORDERED.

Dated:    **May 26, 2022**             /s/ *Sheila K. Oberto*

                                            UNITED STATES MAGISTRATE JUDGE