UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL PIZANA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SANMEDICA INT'L, LLC, et al.,<br><br>Defendants. | No. 1:18-cv-00644-ADA-SKO<br><br>ORDER GRANTING, IN PART, AND DENYING, IN PART, SANMEDICA'S REQUEST TO SEAL<br><br>(ECF No. 268) |

**I.**

**Procedural Background**

Pursuant to the Court's April 27, 2022 order, Plaintiffs filed a third amended complaint ("TAC") on May 18, 2022. (ECF No. 175.) The TAC added a new cause of action, seven new plaintiffs, and fifteen new defendants. (*Compare* ECF No. 53 at 1 *with* ECF No. 175 at 1.) In response, Defendants filed a series of motions to dismiss, motions to strike, and motions to transfer venue. (ECF Nos. 189, 190, 217, 218, 220, 224-1, 231, 234, 236, 237.) Plaintiffs filed two omnibus oppositions. One addressed the merits arguments that Defendants raised. (ECF No. 248.) The other responded to challenges to personal jurisdiction and venue. (ECF No. 249.) Plaintiffs also filed a request to seal portions of their jurisdiction-related opposition, which, as filed, contains numerous redactions and exhibits under seal. (ECF No. 250.) The Court, pursuant to its Standing Order in Civil Actions, denied this request as improperly filed and ordered

1

1  Defendants to file their own request, if they found it necessary.  (ECF No. 267.)  On March 31,
2  2023, Defendant SanMedica filed a request to seal specific portions of Plaintiffs' jurisdiction-
3  related opposition as well as certain portions of exhibits that Plaintiffs attached to that motion.
4  (ECF No. 268.)  Plaintiffs did not oppose SanMedica's request.

## II.

## Legal Standard

Courts have long recognized "a general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  A party seeking to seal court records bears the burden of rebutting a strong presumption in favor of the public's access to those records.  *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The weight of the moving party's burden varies depending on whether the material relates to a dispositive or non-dispositive motion.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  A dispositive motion is one that "is more than tangentially related to the merits of a case."  *Id.* at 1101.  This definition leaves room to argue about whether a particular motion is dispositive or non-dispositive.  Motions to dismiss, motions for summary judgment, and motions for judgment on the pleadings, are, however, indisputably dispositive.  *Id.* at 1098.

The moving party must demonstrate "compelling reasons supported by specific factual findings" to seal materials in a dispositive motion.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).  Compelling reasons exist when the files in question " 'might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  Nevertheless, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Id.*

The "compelling reasons" standard sits in contrast with the "good cause" standard for sealing materials in non-dispositive motions.  *Id.* at 1180.  Courts ascertain if good cause exists "by balancing the needs for discovery against the need for confidentiality."  *Phillips ex rel. Ests.*

*of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). To demonstrate a need for confidentiality, the moving party must demonstrate that "particularized harm will result from disclosure of information to the public." *Id.* at 1211. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

In any event, the existence of a blanket protective order is not sufficient to demonstrate "good cause," much less "compelling reasons," for sealing particular documents. *See Foltz*, 331 F.2d at 1138; *San Jose Mercury News, Inc. v. U.S. Dist. Ct. – N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).

### III.
### Discussion

**A.    Plaintiffs improperly attached full deposition transcripts as exhibits to their opposition.**

As an initial matter, SanMedica asks the Court to strike Exhibits 6, 7, 8, 18, 20, 28, and 29. (ECF No. 268 at 3.) Each of these exhibits contains an entire deposition transcript ranging in length from just under 200 pages to just under 2500 pages. SanMedica argues that such an overinclusive use of deposition transcripts is unnecessary when Plaintiffs' opposition cites sparingly, and sometimes not at all, to them. (*Id.* at 1–3.) While SanMedica does not provide legal authority to support its request, the Court finds merit in SanMedica's contention under Local Rule 133(j). Rule 133(j) prohibits parties from including an entire deposition transcript as "part of the official record . . . absent order of the Court." Rather, if parties wish to enter portions of a deposition into the record in support of a motion, they should attach those excerpts as exhibits. *Id.* While they cannot include entire deposition transcripts in the record absent a court order, parties relying on portions of a deposition must nevertheless provide full copies of deposition transcripts to both the Court and opposing counsel. *Id.*

Here, Plaintiffs have satisfied the second prong of Rule 133(j) – by attaching full copies of the deposition transcripts to their opposition, both the Court and opposing counsel have access to

1  them. Their attempt to incorporate the entirety of these transcripts into their opposition as

2  exhibits, however, is improper. Moreover, it has made the Court's job of assessing the validity of

3  SanMedica's request to seal substantially more difficult than necessary.

4  There is no need to "strike" these depositions because they are not, at this point, part of

5  the record. Rather, the Court will order Plaintiffs to file on the docket only those excerpts of the

6  depositions to which they cite in their opposition. The Court will discuss below which sections

7  Plaintiffs may file and whether any portions of them must be redacted or filed under seal.

8  **B.     SanMedica's requests to redact and seal**

9  SanMedica requests to seal or redact (1) portions of Exhibits 6–8, (2) all of Exhibit 13, (3)

10 all of Exhibit 14, (4) portions of Exhibit 18, (5) portions of Exhibit 20, (6) portions of Exhibits

11 28–29, and (7) information in Plaintiffs' jurisdiction-related opposition briefing. (*See* Declaration

12 of Bodee Gay.) Some of these materials appear among the surplus deposition pages that

13 Plaintiffs provided but that the Court will not permit Plaintiffs to file on the docket pursuant to

14 Local Rule 133(j). Because they will not appear on the docket, the Court will not rule on whether

15 SanMedica has provided "compelling reasons" to seal those portions of the depositions.[1]

16     **i.     Exhibits 6–8 – Gina Daines' deposition transcript and accompanying exhibits**

17 Plaintiffs cite to Ms. Daines' deposition transcript repeatedly throughout their opposition.

18 The Court will address SanMedica's sealing request only to the extent that it overlaps with

19 Plaintiffs' citations, as outlined below. Plaintiffs may not file any deposition pages or exhibits to

20 which they have not cited.

21     **1.     Pages 145 and 151–161**

22 SanMedica claims that these pages "discuss[] confidential marketing and brand strategy,

23 including discussing confidential Exhibit 106 to the Daines Deposition." (Gay Decl. at 4.) Such

24 information, SanMedica argues, could be used by others to gain a competitive advantage over

25 SanMedica. (*Id.* at ¶ 9.) The Court does not find this argument compelling. The discussion on

---

[1] SanMedica appears to argue that the standard for sealing in this instance is "good cause." (ECF No. 268 at 4.) Nevertheless, some of the cases it cites regarding specific categories of protected information use the "compelling reasons" standard. (*See id.* at 6–8.) To the extent SanMedica is arguing that the good cause standard applies, it is incorrect. Plaintiffs filed their opposition in response to numerous motions to dismiss on jurisdiction-related grounds. Motions to dismiss are unquestionably dispositive. *See Ctr. for Auto Safety*, 809 F.3d at 1098.

1  page 145 consists solely of Ms. Daines responding to a question about the relevance of branding
2  SeroVital by emphasizing the product's scientific underpinnings.  There is no specific marketing
3  information contained in Ms. Daines' response, and SeroVital's reliance on science as part of its
4  marketing strategy is apparent by looking at the product's packaging.  (*See* ECF No. 175 at ¶
5  119.)  Pages 151 to 161 contain similar discussions about SanMedica's marketing strategy of
6  emphasizing the science behind SeroVital's production.  They also contain discussions about
7  SanMedica's promotion of SeroVital's anti-aging benefits.  Again, the fact that promoting this
8  information is part of SanMedica's brand strategy is apparent from looking at SeroVital's label.
9  The Court is unable to discern in pages 151 to 161 any propriety information, much less
10 information that would not be obvious to anyone who has seen a box of SeroVital.  SanMedica
11 has not presented any facts to convince the Court that there are compelling reasons to seal these
12 pages of Ms. Daines' deposition.  The request to seal pages 145 and 151 to 161 is denied.

### 2. Pages 195, 196, and 206

14  SanMedica states that these pages of Ms. Daines' deposition "discuss[] highly confidential
15 marketing and brand strategy, including discussion of confidential Exhibit 107 to the Daines
16 Deposition." (Gay Decl. at 4.)  Again, SanMedica's compelling reason to seal these pages is that
17 their publication may give others a competitive advantage.  (*Id.* at ¶ 9.)  Pages 195 and 196
18 discuss language on SeroVital's website that is consistent with one of SeroVital's "messaging
19 pillars" of promoting anti-aging properties.  They also discuss how SanMedica pays attention to
20 certain formatting details when creating advertisements.  On page 206, Plaintiffs' attorney
21 describes a toolkit that SanMedica's marketing department created.  The attorney refers to an
22 exhibit but does not describe it with any detail.  None of this appears to be proprietary brand
23 strategy information that would help other companies gain a competitive advantage over
24 SanMedica.  As discussed above, SeroVital's packaging touts anti-aging properties.  Additionally,
25 it is no surprise that SanMedica pays attention to font and formatting when publishing
26 advertisements – the Court does the same when issuing orders.  Finally, the mere knowledge of
27 the existence of an "E-commerce toolkit" does not provide others with any information about the
28 contents of that toolkit.  SanMedica's request to seal pages 195, 196, and 206 is denied.

### 3. Pages 229–234, 243, 244, 250, 251, 253–256, 258–260, 262–264, 266, 267, 283–287, 289, 291–296, 298–306, and 317–319

SanMedica contends that "[t]hese pages discuss highly confidential market research/consumer surveys including the results of private highly confidential market research/consumer surveys." (*Id.* at 4.) Additionally, they "discuss SanMedica's confidential brand strategy." (*Id.*) SanMedica argues that others could gain a competitive advantage from this information. (*Id.* at ¶¶ 9, 10.) It also points out that it spent thousands of dollars on the consumer surveys that the deposition discusses. (*Id.* at ¶ 10.) It is true that these portions of the transcript broadly discuss the contents of one of SanMedica's customer surveys. The exchange, however, contains very few details about the survey. Rather, the discussion centers around the reasons SanMedica's customers have purchased SeroVital – because of claims that it provides various anti-aging benefits associated with increased human growth hormone levels. Ms. Daines also states that SanMedica incorporated this customer feedback into its brand strategy. None of the discussion mentions specific customer names or survey methodology. Many of the associated benefits that Ms. Daines discusses appear on SeroVital's packaging. SeroVital is a health supplement. It publicly advertises certain benefits associated with its use. The fact that customers find SanMedica's advertising convincing or the fact that SanMedica shapes its brand strategy around the benefits that customers find most appealing is not information that would put SanMedica at a competitive disadvantage if released publicly. Nor can the Court discern the relevance of the fact that SanMedica paid thousands of dollars to conduct the survey.

Out of an abundance of caution, however, the Court will order Plaintiffs to redact lines 15 through 18 and 22 through 23 on page 255 of the transcript. This is the only portion of the transcript where the deposition touches on specific information contained within the customer survey. The Court will also order Plaintiffs to redact pages 317 to 319 of the transcript because it discusses a specific change in SanMedica's brand strategy prompted by survey results that is not apparent from looking at SeroVital's packaging. Apart from these redactions, SanMedica's request to seal pages 229–234, 243, 244, 250, 251, 253–256, 258–260, 262–264, 266, 267, 283–287, 289, 291–296, 298–306, and 317–319 is denied.

### 4. Deposition Exhibits 107, 108, and 112

The Court will order Plaintiff to file these deposition exhibits under seal. These exhibits consist of SanMedica's "E-commerce toolkit" and two consumer surveys. The toolkit contains specific marketing information, including approved images and colors for advertisements. The consumer surveys contain specific demographic information about customers and detailed survey methodologies. This appears to be the type of information that would, if released, give other companies a competitive advantage over SanMedica. The Court, therefore, grants SanMedica's request to seal deposition Exhibits 107, 108, and 112.

### ii. Exhibit 13 – Email exchange

Exhibit 13 is an email exchange between Gina Daines, Amy Heaton, and an outside public relations firm. In the exchange, the PR agent proposes publishing an article about leadership spotlighting Dr. Heaton. She claims that the article will help boost sales for a SanMedica product. Plaintiffs cite to one line in the email twice in their opposition, on pages 11 and 25.

SanMedica argues that this document should be sealed because it "discusses confidential marketing strategy between Defendant and a vendor." (Gay Decl. at 5.) SanMedica's brief cites to two out-of-district cases in support of its proposition that "confidential financial projections, marketing strategies, and business plans" should be subject to sealing. (ECF No. 7.) Both of those cases, however, state that proposition in a conclusory manner without any specific legal analysis. Such citations are unpersuasive where, as here, the need to maintain the confidentiality of the document is not apparent on its face. The bulk of the email exchange consists of Ms. Daines asking the PR agent to justify her work. The PR agent's responses consist of generalized marketing advice that can hardly be described as "proprietary information" or "trade secrets" – she lists readership numbers for different online publications, asserts that "people buy from people they trust," and explains that customizing the content of an online article will boost SanMedica's online presence. The Court is not convinced that there are compelling reasons to seal this information.

Because SanMedica has not presented compelling reasons to seal the entire email exchange, the Court will deny its request. Nevertheless, the email exchange does contain

1  personal identifying information, including names, email addresses, and phone numbers that
2  Plaintiffs must redact prior to filing.  *See E. & J. Gallo Winery v. Instituut voor Landbouw-en*
3  *Visserijonderzoek*, No. 1:17-cv-00808-DAD-EPG, 2018 WL 4090585, at *3 (E.D. Cal. Aug. 27,
4  2018).  The only names that should not be redacted are those of Gina Daines, who is a party, and
5  Amy Heaton, who is a central figure in this litigation.  Plaintiffs should, however, redact any
6  contact information associated with their names.

       **iii.**     **Exhibit 14 – sales figure chart**

SanMedica argues that Exhibit 14 should be sealed in its entirety because it "contains confidential information regarding Defendant's sales data."  (Gay Decl. at 5.)  The exhibit does indeed contain six years of detailed sales figures.  This is the type of specific sales information that courts have found could result in improper use by a company's competitors.  *See, e.g.*, *Lucas v. Breg, Inc.*, No. 15-cv-00258-BAS-NLS, 2016 WL 5464549, at *2 (S.D. Cal. Sept. 28, 2016); *In re Conagra Foods, Inc.*, No. CV 11-05379-MMM (AGRx), 2014 WL 12577132, at *4 (C.D. Cal. Jul. 11, 2014).  SanMedica's request to seal Exhibit 14 in its entirety is granted.

       **iv.**     **Exhibit 18 – Alexis Timpson's deposition transcript and accompanying exhibits**

Despite providing the entirety of Ms. Timpson's deposition and the 42 exhibits attached to it, Plaintiffs cite only to that deposition's Exhibit 2.  The Court will, therefore, refrain from addressing the propriety of sealing material contained within any portion of Exhibit 18 except for that material in the deposition's Exhibit 2.

SanMedica argues that Exhibit 2 "[c]ontain[s] confidential customer identifying information, information relating to customers' concerns/questions/feedback; includes customer health related information; can give competitors a competitive advantage."  (Gay Decl. at 5.)  Indeed, the entirety of Exhibit 2 appears to consist of customer survey results containing personal identifying information regarding one of the products at issue in this case.  Customer feedback about SanMedica's products is clearly the type of information the release of which could give others a competitive advantage, and the Court finds that SanMedica has presented compelling reasons to seal the entire document.  *See Fed. Trade Comm'n v. DirecTV, Inc.*, No. 15-cv-01129-

1  HSG, 2016 WL 5339797, at *2 (N.D. Cal. Sept. 23, 2016) (finding compelling reasons to seal
2  "sensitive business information regarding customer feedback and Defendant's development
3  strategy and operations"). SanMedica's request to seal, as it applies to the deposition's Exhibit 2,
4  is granted.

5  In sum, Plaintiffs may not file any materials associated with the Timpson deposition
6  except for that depositions' Exhibit 2, which they must file under seal.

### v. Exhibit 20 – Amy Heaton's deposition transcript and accompanying exhibits

Plaintiffs cite to Amy Heaton's deposition three times in their opposition. (*See* ECF No. 249 at 35, 36, 61.) Only one of those citations contains a pincite to specific portions of Ms. Heaton's testimony on pages 18, 19, and 23 of the deposition transcript. (*Id.* at 36.) SanMedica has not requested to seal any testimony on these transcript pages. The Court will, therefore, order Plaintiffs to file as an exhibit to their opposition only pages 18, 19, and 23 of Ms. Heaton's deposition. They may not file any other pages or exhibits attached to that deposition.

### vi. Exhibits 28 and 29 – Jim Kreeck deposition and accompanying exhibits

Plaintiffs cite to pages 15–16, 39–40, 44–46, and 159–165 of Mr. Kreeck's deposition transcript in their opposition. (ECF No. 249 at 62.) SanMedica has not requested to seal any testimony on these transcript pages. The Court will, therefore, order Plaintiff to file as an exhibit to their opposition only pages 15–16, 39–40, 44–46, and 159–165 of Mr. Kreeck's deposition. They may not file any other pages or exhibits attached to that deposition.

### vii. Plaintiffs' opposition

#### 1. Highlighted portions on pages 6–7

The highlighted portions of these pages discuss excerpts of Ms. Daines' deposition transcript that the Court has already ruled should not be sealed. There is one parenthetical in footnote 10, however, that contains information from deposition Exhibit 112, which the Court has ordered sealed. Therefore, SanMedica's request to seal is denied except as to the parenthetical in footnote 10 following the citation, "**Ex. 8** [Daines Dep,. V3] at Dep-Ex. 112 [2018 Survey] at p. 25." Plaintiffs are ordered to redact this parenthetical.

///

9

|   |   |
|---|---|
| 1 | **2.      Highlighted portions of lines one and two on page 8 and footnote 13** |

The highlighted parentheticals in footnote 13 contain quotes from the consumer surveys the Court has already ordered sealed. SanMedica's request as it relates to the footnote, therefore, is granted.

The request as it relates to lines one and two of page 8 is denied. The information in these lines paraphrases results from the consumer survey that are apparent from looking at SeroVital's packaging and advertisements. The fact that consumers consider scientific validation as important to their purchasing decision is intuitive, if not painfully obvious. SanMedica has not provided a compelling reason for the Court to think otherwise.

**3.      Highlighted portions of lines 13–15 on page 12**

Most of this portion of the opposition contains specific information from the consumer surveys that the Court has ordered sealed. SanMedica's request is granted as it relates to all highlighted portions except for the parenthetical following the citation, "*but see* **Ex. 6** [Daines Dep. V1] at 143:25–144:4." This parenthetical contains a public marketing slogan, and SanMedica has not provided compelling reasons to redact it.

**4.      Highlighted portions of lines 25–26 on page 12 and lines 1–4 on page 13**

SanMedica's request is granted. The highlighted portions contain information from Ms. Daines' deposition transcript and an exhibit to that deposition that the Court has ordered sealed.

**5.      Highlighted portions of lines 6, 8, 20, and 21 on page 13 and lines 18 and 19 on page 22**

SanMedica's request is granted. These lines contain specific sales figures from Exhibit 14 that the Court has ordered sealed.

**6.      Highlighted portions of lines 5 and 10 on page 23.**

SanMedica's request is denied. The highlighted portion on line 5 states that "customers rely on [SanMedica's] marketing claims in deciding to buy the Products." The Court can think of few statements more banal or obvious. That SanMedica has successfully marketed its product is not the kind of information that competitors can harness to their advantage.

The highlighted portion of line 10 contains an aggregate number of complaints that SanMedica has received from California customers between 2014 and 2020. There is no mention of any names or the contents of specific complaints. Additionally, the remainder of the paragraph lists the number of California complaints that SanMedica has received by year, but SanMedica inexplicably fails to request to seal this information. The Court can only conclude that SanMedica does not actually believe that there are compelling reasons for sealing the information on line 10.

Accordingly,

1. SanMedica's request to seal, (ECF No. 268), is granted, in part, and denied, in part, as follows:

   a. **Exhibits 6–8**: Plaintiffs may file only deposition pages 145, 151–161, 195, 196, 206, 229–234, 243, 244, 250, 251, 253–256, 258–260, 262–264, 266, 267, 283–287, 289, 291–296, 298–306, and 317–319, and deposition Exhibits 107, 108, and 112. Plaintiffs shall redact lines 15–18 and 22–23 on page 255 and the entirety of pages 317–319. Plaintiffs shall file under seal deposition Exhibits 107, 108, and 112.

   b. **Exhibit 13**: Plaintiffs shall file the entire exhibit with all names, except those of Gina Daines and Amy Heaton redacted. Plaintiffs shall also redact all other personal identifying information, including phone numbers and email addresses.

   c. **Exhibit 14**: Plaintiffs shall file the entire exhibit under seal.

   d. **Exhibit 18**: Plaintiffs shall file the deposition's Exhibit 2 only. The filing must be under seal.

   e. **Exhibit 20**: Plaintiffs may file only deposition pages 18, 19, and 23. The filing should contain no redactions.

   f. **Exhibits 28 and 29**: Plaintiffs may file only deposition pages 15–16, 39–40, 44–46, and 159–165. The filing should contain no redactions.

///

1      g.   Plaintiffs must re-file their opposition brief with the following redactions:

   i.   **Page 7**: the parenthetical in footnote 10 following the citation, "**Ex. 8** [Daines Dep,. V3] at Dep-Ex. 112 [2018 Survey] at p. 25."

   ii.  **Page 8**: the already highlighted parentheticals in footnote 13.

   iii. **Page 12**: the already highlighted language in lines 13–15, except for the parenthetical following the citation, "*but see* **Ex. 6** [Daines Dep. V1] at 143:25–144:4."

   iv.  **Page 13**: the already highlighted language in lines 6, 8, 20, and 21.

   v.   **Page 22**: the already highlighted language in lines 18 and 19.

2. Plaintiffs must comply with the above instructions no later than fourteen (14) days from the date of signature on this order.

IT IS SO ORDERED.

Dated:   August 28, 2023                       _____
                                               UNITED STATES DISTRICT JUDGE

12